**Objection Sustained and Order filed May 16, 2019**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-19-00242-CV

———————

### MICHAEL A. MCCANN, Appellant

### V.

### SPENCER PLANTATION INVESTMENTS LTD, Appellee

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 96820-CV**

## ORDER

The notice of appeal in this case was filed March 21, 2019. To date, the filing fee of $205.00 has not been paid.

The Supreme Court of Texas approved a form Statement of Inability to Afford Payment of Court Costs or an Appeal Bond ("Form Statement"). *See* Misc. Docket No. 16-9122 (issued Aug. 31, 2016; effective Sept. 1, 2016). Any party who seeks to proceed without payment of court costs must use the Form Statement or must

include the information required by the Form Statement. Tex. R. Civ. P. 145(b). A party must provide in the statement and, if available, in attachments to the statement, evidence of the party's inability to afford costs. Tex. R. Civ. P. 145(e). Rule 145(e) provides examples of evidence the party may use.

On April 11, 2019, appellant filed in this court a document entitled, "Affidavit to Proceed Impecuniously with Attached Memorandum." The memorandum to the affidavit is entitled, "Memorandum of Points and Authorities in Support of McCann's Request to Proceed Impecuniously Without Prepayment of Fees/Costs or Having to Fill Out and File Any Ritualistic Forms." In the affidavit, which is not verified, McCann states in conclusory fashion that:

- he lacks funds to pay any amount as filing fees,

- he has no real property interest,

- he is unable to borrow money because he lacks collateral or credit,

- he has no insurance policies of any cash value,

- he owns no stocks or bonds,

- he owns no convertible insurance policies or jewelry,

- his liabilities equal or exceed his costs, and

- "what meager funds McCann has are necessary to support himself and his dependents, and are minimal for that purpose."

McCann also quotes the Magna Carta and says he "cannot be compelled to resort to filing any ritualistic form, if any, because he lacks the competence to interpret the meaning of the words used." The clerk's record reflects McCann filed an identical affidavit and memorandum in the trial court.

On April 23, 2019, appellee Spencer Plantation Investments, Ltd. objected to appellant's claim of indigent status. Appellee contends appellant's affidavit does not

2

satisfy the requirements of Texas Rule of Civil Procedure 145 or Texas Rule of Appellate Procedure 20.1.

We agree the affidavit and memorandum appellant filed both in the trial court and in this court do not satisfy the requirements of Rule 145. First, appellant has not included the information required by the Form Statement. Second, the affidavit is not verified by a declaration made under penalty of perjury. (The memorandum is notarized, but the notarization does not suffice as the declaration required by the Form Statement.)

Accordingly, we **ORDER** as follows:

1. Appellee's objection to appellant's claim of indigent status is **SUSTAINED**.

2. On or before **May 28, 2019**, appellant must either (1) pay the appellate filing fee of $205.00 to the clerk of this court; or (2) file a statement of inability to afford payment of costs that complies with Texas Rule of Civil Procedure 145 and Texas Rule of Appellate Procedure 20.1. The Form Statement may be obtained from many sources, including:

   - the Forms attached to the Texas Rules of Civil Procedure, and

   - the Self-Help Resources section of the website of the Supreme Court of Texas (www.txcourts.gov/supreme/self-help-resources).

3. If appellant does not pay the filing fee or file a satisfactory statement of inability to afford payment of costs in accordance with this order, we will dismiss the appeal. *See* Tex. R. App. P. 42.3(c) (allowing involuntary dismissal of case because appellant has failed to comply with notice from clerk requiring response or other action within specified time).

PER CURIAM

Panel consists of Justices Christopher, Bourliot, and Zimmerer

3